At the Superior Court of law held for Surry county, on the 29th September, 1812, an indictment was found ag-ainst the prisoner, in which he was charged with the malicious stabbing of Joseph Warren. He was arraigned, and pleaded, and put on his trial, and the jury after hearing the evidence and the arguments, retired to consult on their verdict. On the 6th of October, during the same term, the jury not having agreed on their verdict, the prisoner was, on his motion, admitted to give bail for his appearance on the first day of the next court.
At the next term of the said court, viz. on the 29th April, 1813, the prisoner appeared in court in discharge of his recognizance, and moved the court that he should be discharged from the prosecution, alleging that he had been arraigned at the last superior court of law, held for the county of Surry, for the same offence, and that a jury had been impanelled to pass between the said prisoner and the commonwealth, and had been charged with his case; that the jury had retired to consult of their verdict, and not agreeing were confined during the full 320 *legal term of said court; that the said jury did not render any verdict in the case, but separated on the adjournment of the court at the end of the term. Whereupon the court adjourned the decision of the question arising on the motion, with the consent of the prisoner, to the general court.
This case was decided November 11th, 1813, by the general court, present judges White, Stuart, Brockenbrough, Allen, Dabney, Daniel, Randolph, and Dade, and the following judgment was given. “ It not appearing from the record of the proceedings in this case, that the said superior court made any order discharging the jury of the said John Edloe Thompson’s case, after it had been charged with it; but on the contrary, it appearing from the said record, that upon the adjournment of the said superior court, at the end of the term, the members of the said jury were necessarily separated, and its capacities and legal existence destroyed by operation of law. It is therefore unanimously decided by this court that the said John Edloe Thompson ought not to be discharged from further prosecution on the indictment in the said adjourned case mentioned, notwithstanding at a superior court of law held at a former term, he had been arraigned upon the said indictment, and notwithstanding at the same court a jury was impanelled to pass between him and the commonwealth, and 321 charged *with his case and retired to consult of their verdict, and not agreeing were confined the full legal term of the said court, and did not render any verdict in the said case, but separated on the adjournment of the court at the end of the term.”